No. 19,288.

THE CENTRAL BANK AND TRUST COMPANY *v.*
JACK ROBINSON, ET AL.
(363 P. [2d] 697)

Decided July 24, 1961.   Rehearing denied August 14, 1961.

Messrs. IRELAND, IRELAND, STAPLETON & PRYOR, for plaintiff in error.

Messrs. CREAMER & CREAMER, Mr. GERALD M. QUIAT, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

PLAINTIFF in error will be referred to as the Bank. It seeks review of a judgment of the district court holding it liable for amounts paid by defendants in error, hereinafter referred to as plaintiffs, for securities. Recovery was pursuant to the Federal Securities Act and the Security Laws of Colorado. Reference to Nielsen and Newton, defendants in the district court, will be by name.

This cause was before us previously in *Central Bank and Trust Company v. Robinson,* 137 Colo. 409, 326 P. (2d) 82. The holding in that case was that the trial court erred in granting plaintiffs' motion for summary judgment. The Court, speaking through Mr. Justice Hall, said:

"Concluding, as we do, that the trial court was in error in finding that the offering was public, without facts before it which it could consider on motion for summary judgment justifying such finding, the judgment is reversed and the cause remanded with directions to the trial court to enter an order denying plaintiffs' motion for summary judgment, denying the Bank's mo-

tion to dismiss, its motion to strike, and its motion for summary judgment, and to grant the Bank a reasonable time to answer plaintiffs' complaint. That the issues then presented by plaintiffs' complaint and the answer thereto be determined consistent with the views herein expressed."

Upon remand the Bank filed an answer in which it sought to raise the issues previously decided by the trial court in the prior proceedings, and which had been upheld by this Court upon review of those proceedings. Plaintiffs filed a motion to strike the answer, contending that the trial court was restricted by the opinion of this Court and that the action had been remanded for the purpose of trial on the limited question whether there had been a public offering of the securities in question. The Bank argued that there should be a trial *de novo* on all questions. The trial court granted the motion to strike and ruled that it was empowered to hear one issue only, namely, whether there had been a public offering of the securities participated in by the defendant Bank. The court then proceeded to hear the evidence and, upon completion of the hearing, determined that the testimony was insufficient to establish the defense of no public offering, commenting as follows:

" * * * The reason essentially for my granting the motion is that I think the evidence falls short of making out a prima facie case, if you please, that the Bank did not participate in nor did it make a public offering of the securities with which we are here involved. I would say conversely that the evidence as I have heard it, when viewed in the light of the Supreme Court language in Central Bank and Trust Company versus Jack Robinson, 137 Colorado 409, instead of showing that there was no making and there was no participation and that it was a non-public offering, I think contrarily it has established as a matter of law that the Bank did make and that in the alternative it did participate in an offering which I

think, from what I have heard, by way of argument, is almost admitted to be a public offering."

The crux of the Bank's argument is that the trial court's interpretation of the opinion in *Central Bank v. Robinson,* supra, was erroneous; that this prior decision did not restrict the issues to the question of a public offering; that the burden of establishing non-public offering was not on the Bank and that the jury should have been allowed to consider all of the issues in the case.

In the former opinion we determined as a matter of fact and law that the Bank offered or sold the securities in question; that it was necessary for it to register or cause said securities to be registered as required by the Federal Securities and Exchange Act, 15 U.S.C.A. section 77; that by its conduct it was an insurer, underwriter or dealer, or participated with Nielsen as an insurer, underwriter or dealer, and that its participation was not limited to performance, as it now contends, of certain ministerial or custodial acts or duties.

These holdings constituted the law of the case, and the only finding of the trial court determined to be insufficient was Finding No. 2 to the effect that there was a public offering of said securities in which the Bank participated. We held that there was no evidence in the record to sustain this finding and that this necessitated the remand for further proceedings "consistent with the views herein expressed."

█ We have now carefully reviewed the record of proceedings on remand and we conclude that the trial court accurately interpreted the opinion in *Central Bank v. Robinson,* supra, and that it properly limited the issue in accordance with the terms of the opinion and the remand in that proceedings.

█ We are now restricted to a determination of whether the trial court erred in its conclusion that the evidence presented was legally sufficient. The testimony demonstrates that Nielsen had a similar transac-

tion in June of 1954. In September 1954 he talked with bank officials about handling the Tennessee Queen Trust (involved in the instant transaction) in conformity with the same procedures followed in the prior transaction. On September 23, 1954, one Silas M. Newton transferred the property involved to the Bank by written assignment. On September 29, 1954, Nielsen inserted an advertisement in the Denver Post inviting investors to join in the acquisition of a direct interest in operating uranium mines. The advertisement stated " * * * that there would be a bank trusteeship." Although the present transaction was not specifically named, the advertisement was clearly directed to it. Following this Nielsen received payments from various persons, including plaintiffs, who were given receipts which carried the following statement:

"The overriding royalty of which the above transaction is part will be issued to the Central Bank and Trust Company, Denver, as trustee for the group."

Purchasers from whom payments were obtained included friends and acquaintances of Nielsen, persons who were contacted by a salesman who received commissions, and persons who came to Nielsen in response to the newspaper advertisement.

On November 24, 1954, a declaration of trust between Nielsen and the Bank was made. Thereafter Nielsen furnished a list of subscribers to the Bank and it in turn prepared and mailed through the United States mail participation certificates to each of plaintiffs. The Bank received a fee for its services.

In the light of this it cannot now be said that there is any dearth of evidence in the record to establish the single unproved issue of participation by the Bank in a public offering. We are accordingly constrained to hold that the trial court was correct in deciding that the Bank had participated in the public offering and that it had failed to establish its affirmative defense of non-participation.

Concluding that the trial court properly interpreted the prior opinion and that its findings in the present case were correct, the judgment should be and is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DAY concur.